## LOTAN GASSETT *vs.* JONATHAN COTTLE.

After judgment has been rendered in the superior court, and exceptions allowed, though not entered in this court, the superior court cannot enter final judgment; but the original judgment may be affirmed by this court on complaint under the Rev. Sts. *c.* 82, § 14.

REPLEVIN. At January term 1856 of the superior court of Suffolk, the defendant obtained a verdict, and a judgment for the return of the goods replevied, and the plaintiff alleged exceptions to the rulings of the court, and the case was continued until November term 1856, when his exceptions were allowed. At January term 1857, on motion of the defendant, the former judgment was vacated and the case brought forward and judgment entered as of that term. The plaintiff appealed to this court.

*W. L. Burt,* for the plaintiff.

*G. E. Betton,* for the defendant.

DEWEY, J. The judgment of the superior court, rendered at January term 1857, which is now made the subject of an appeal for error in matter of law apparent on the record, cannot properly be affirmed. Upon inspection of the record of the proceedings in this case, it appears that at November term 1856 exceptions to the ruling of the presiding judge on the trial of the case, having been previously duly filed by the counsel, were allowed and signed by the judge. This having been done, the case was thereby removed from the further action of the superior court, and the proceedings were to be before this court; either upon a hearing upon the bill of exceptions, if duly entered; or by affirmation of the judgment of the court below, upon complaint duly filed by the other party, if the party taking the exceptions failed to enter the same. Rev. Sts. *c.* 82, §§ 12–14. In this state of the case, the proceedings of the superior court at January term 1857 were unauthorized, that court having no further jurisdiction in the case. The result is therefore that the judgment then rendered was erroneous, and must be reversed for that cause.

Under Rev. Sts. *c.* 81, §§ 34, 35, and *c.* 82, § 14, it will be still open to the party to apply for further proceedings, by way of petition to enter a complaint for an affirmance of the judgment of a former term, in reference to which the exceptions were filed and allowed.　　　　*Judgment of January term* 1857 *reversed.*

Upon a subsequent complaint of the defendant, praying for the entry of the action in this court, and the affirmation of the judgment rendered by the superior court at November term 1856, that judgment was affirmed, the defendant taking no costs since January term 1856.

*Betton,* for the defendant.

*J. A. Andrew & Burt,* for the plaintiff.